**Miriam P. AULMANN, Plaintiff–Appellant,**

**v.**

**Ralph L. AULMANN, Estate of; Eagle Iron Works, Defendants–Appellees.**

No. 00–55982.

D.C. No. CV–96–05983–DDP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2001.

Decided Dec. 20, 2001.

---

* The Honorable Ronald M. Whyte, United States District Judge for the Northern District of California, sitting by designation.

Before GOODWIN, WALLACE, and THOMAS, Circuit Judges.

## MEMORANDUM *

In December of 1999, Aulmann asked the district court to revisit its March 16, 1998 judgment under Rule 60(b) and under its "inherent equitable power" for fraud on the court. The district court denied her motion and she appeals. The district court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291. We review both the district court's denial of Aulmann's rule 60(b) motion and her fraud on the court motion for an abuse of discretion. *See De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir.2000).

Aulmann's Rule 60(b) motion was properly denied by the district court because it was time-barred. A motion brought under Rule 60(b)(1), (2), or (3) must be brought "not more than one year after the judgment, order, or proceeding was entered or taken." Fed.R.Civ.P. 60(b). Aulmann never specifically stated which provision of Rule 60(b) she was relying on. Since her arguments go to fraud, we assume that she meant to invoke Rule 60(b)(3). Since her Rule 60(b) motion was filed more than one year after the dismissal order was entered, the district court did not abuse its discretion when it correctly concluded that her Rule 60(b) motion was time-barred.

Further, the district court did not abuse its discretion when it denied her fraud on the court motion. We explained our approach to "fraud on the court" in *Levander v. Prober*, 180 F.3d 1114, 1119–1120 (9th Cir.1999). Fraud on the court must be proven by clear and convincing

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

evidence. *England v. Doyle*, 281 F.2d 304, 309–10 (9th Cir.1960).

■ Ordinarily, a witness' perjury or failure to disclose a material fact is not fraud on the court. *Levander*, 180 F.3d at 1120. This is true whether the perjury or non-disclosure occurs during discovery or at trial. 12 James Wm. Moore et al., Moore's Federal Practice § 60.21[4][c] (3rd. ed.2001). We have held, however, that witness perjury may constitute fraud on the court in certain circumstances. *Levander*, 180 F.3d at 1120–21.

While a material failure to disclose may constitute fraud on the court, we conclude that the district court did not abuse its discretion when it determined that Aulmann failed to prove fraud on the court with clear and convincing evidence. *England*, 281 F.2d at 309–10.

Eagle Iron Works (Eagle) disputes Aulmann's first allegation that Krantz failed to disclose advertising directed at California by arguing that its advertisements, rather than being directed at California, are placed with fourteen regional publications, including the *Cal. Builder & Engineer*, for a flat fee through a national construction publication association. While Aulmann might be right that such contacts are significant enough to justify a court's exercise of jurisdiction, her argument falls short of proving by clear and convincing evidence that Krantz's failure to disclose the advertising was a material non-disclosure or fraud on the court.

Eagle disputes Aulmann's allegation that Krantz failed to disclose Eagle's trucking activity in California by arguing that its trucks had not traveled to California in any of the three years before the court's order. Eagle argues that the miles Aulmann alleges its trucks traveled in California in 1996 were actually traveled from July 1, 1994 through June 30, 1995; that the miles Aulmann alleges it traveled in 1997 are attributable to a clerical error;

and that the miles Aulmann alleges it traveled in 1998 were listed as estimated and, consequently, were never actually traveled pursuant to Pam Allen's declaration. Eagle's arguments cast serious doubt on Aulmann's claim. Aulmann, therefore, has failed to prove with clear and convincing evidence that Krantz's failure to disclose was material.

Because the evidence related to Krantz's alleged material non-disclosure is ambiguous, the district court's denial of Aulmann's request to reconsider its motion to dismiss was not "clearly against the logic and effect of the facts." *Wing v. Asarco Inc.*, 114 F.3d 986, 988 (9th Cir.1997) (quoting *Int'l Jensen, Inc. v. Metrosound U.S.A., Inc.*, 4 F.3d 819, 822 (9th Cir. 1993)). The district court did not abuse its discretion when it denied her request.

AFFIRMED